# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW K. DONKOR, <br><br> Petitioner, <br><br> v. <br><br> NORTH KERN STATE PRISON et al., <br><br> Respondents. | Case No. EDCV 18-0614-JPR <br><br> MEMORANDUM DECISION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITIONER'S MOTIONS, DENYING PETITION, AND DISMISSING ACTION |

On March 23, 2018, Petitioner filed what he styled as a "Motion for Statement of Position for a Full Disclosure of Untried Charges and Probation," which the Court Clerk interpreted as a habeas Petition brought under 28 U.S.C. § 2254. He appears to challenge a January 22, 2013 detainer lodged against him for "illegal entry" and "deportation." (See Pet. at 2; Opp'n Ex. (Jan. 22, 2013 "Detainer/Notification" stating charge as "Illegal Entry" and "[r]eason" for detainer as "ICE (Deportation)").) He recently brought nearly identical claims in a civil-rights complaint, which the Court summarily dismissed under 28 U.S.C. § 1915(g) because Petitioner had on at least three prior

1

occasions filed civil lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim.  See Donkor v. N. Kern State Prison, No. 5:17-cv-0748-GW (JPR) (C.D. Cal. dismissed Aug. 11, 2017).

Petitioner is apparently currently incarcerated on his 2012 conviction in Los Angeles County Superior Court for sex-related crimes with a minor, for which he was sentenced to 14 years in state prison.  See People v. Donkor, No. B245780, 2013 WL 4016516, at *1 (Cal. Ct. App. Aug. 6, 2013); (see also Pet. at 1 (showing return address as Mule Creek State Prison in Ione, Cal.)).  He has named as Respondents North Kern State Prison and ICE.  He asks that the "underlying Deportation Hearing" "be dismissed with prejudice."  (Pet. at 6.)

On July 2, 2018, Respondent moved to dismiss the Petition, and on July 11 Petitioner opposed the motion.  Respondent filed a reply on July 23, 2018.  Both parties consented to the jurisdiction of the undersigned Magistrate Judge.  Since filing his original "motion," Petitioner has submitted numerous other requests and motions, for "discovery and access to evidence," a "cease and desist order," dismissal of pending "criminal charges," and "compulsory disclosure."  None of Petitioner's filings are easy to decipher, but they all appear to be frivolous, for numerous reasons.

This Court lacks jurisdiction to adjudicate the Petition because Petitioner is not "in custody" on the detainer but rather on his underlying state-court convictions.  A "bare detainer letter alone does not sufficiently place an alien in [ICE] custody to make habeas corpus available."  See Campos v. INS, 62

F.3d 311, 314 (9th Cir. 1995) (citation omitted). Petitioner has offered no evidence or information suggesting that he is subject to any final order of removal. Accordingly, "because Petitioner is not in [ICE] custody and is not challenging the conviction for which he is currently incarcerated, the Court lacks jurisdiction to hear Petitioner's habeas claims." Pham Huu Duc v. United States, No. CV 14-1273 SS, 2014 WL 4273252, at *2 (C.D. Cal. Aug. 28, 2014); see also Mejia v. Gonzales, No. 1:10-cv-00910-LJO-DLB (HC), 2010 WL 2573995, at *1 (E.D. Cal. June 25, 2010) (finding that court lacked jurisdiction to adjudicate state prisoner's habeas petition challenging immigration detainer).

Even were Petitioner subject to a final order of removal, as Respondent implies (see Mot. Dismiss, Mem. P. & A. at 5 n.2), this Court would still lack jurisdiction to consider his claims. That is because Congress has vested jurisdiction to review such orders solely in the courts of appeals. See Momeni v. Chertoff, 521 F.3d 1094, 1095-96 (9th Cir. 2008) (citing 8 U.S.C. § 1252(a)(5)).

Finally, to the extent Petitioner claims that the detainer pertains to a future prosecution for illegal reentry under 8 U.S.C. § 1325 or § 1326, he may not challenge it through a habeas petition, at least not under the circumstances presented here. Rather, he may "file an appropriate notice with the prosecutor requesting a final disposition of those charges." Tope v. Montana, No. CV 07-159-BLG-RFC, 2008 WL 4104162, at *1 (D. Mont. Sept, 3, 2008). He bears the burden of showing that he has done so. See United States v. Moline, 833 F.2d 190, 192 (9th Cir. 1987); see also Johnson v. Stagner, 781 F.2d 758, 761 (9th Cir.

1986) (filing of habeas petition did not sufficiently give notice to prosecutor that petitioner sought speedy trial). Petitioner nowhere in the Petition alleges that he has demanded a speedy trial of the prosecutor.[1]

In support of the Petition, Petitioner cites United States v. Davila, 569 U.S. 597 (2013), and several California statutes, including Penal Code section 1381. (See, e.g., Pet. at 1.) Davila concerns judicial involvement in plea discussions; it does not appear to have any bearing on any of the claims in the Petition, and Petitioner never explains how it supports his arguments. Some of the state statutes Petitioner cites concern the Interstate Agreement on Detainers Act. But those may give rise to state-law claims only; moreover, nothing even suggests that they would govern federal charges concerning illegal reentry. Accordingly, they cannot support a cognizable federal habeas claim. See Jase v. Yates, No. 1:09-cv-00371-OWW-JLT HC, 2010 WL 2089647, at *3 (E.D. Cal. May 21, 2010).

---

[1] In his "Motion to Dismiss Criminal Charges Pending," filed August 20, 2018, Petitioner alleges that on March 18, 2018 — the same day he constructively filed the Petition (see Pet. at 6) — he notified the U.S. Attorney of this District of his demand for trial on "any and all charges now pending in said District Court against Petitioner." (Mot. at 1-2 & Attach. Aff. at 2.) But he claims in the Petition that the detainer originated in Bakersfield, in the Eastern District (Pet. at 2-3); see also 28 U.S.C. § 84(b), and in his August 20 motion he alludes to another detainer from the Department of Homeland Security, from the Stockton, California "sub office" (Attach. Aff. at 2). Thus, Petitioner has never notified the correct prosecutor; indeed, a review of the Court's Case Management/Electronic Filing System shows that no criminal cases appear to be pending against Petitioner in this District. Thus, he has not strictly complied with the law, as is required. See Johnson, 781 F.2d at 762.

For these reasons, among others,[2] Petitioner's claims do not entitle him to relief.[3]

**ORDER**

IT THEREFORE IS ORDERED that Judgment be entered granting Respondent's motion to dismiss, denying Petitioner's various motions, denying the Petition, and dismissing this action with prejudice.

DATED: September 27, 2018

*[signature]*

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[2] Petitioner did not file the Petition using the required Central District of California habeas form, see C.D. Cal. R. 83-16.1. which the Court has previously directed him to do.

[3] This is likely not the right venue for Petitioner's challenges, in any event. He claims that the Bakersfield ICE office, "acting in concert with" North Kern State Prison, illegally lodged the detainer against him and that "ICE and NKSP are the individual decision making channels who initiated the fraudulent action." (Pet. at 2.) Both are "untrustworthy Governmental bodies." (Id. at 3.) Bakersfield and North Kern State Prison are in the Eastern District of California, as is Amador County, where Petitioner is currently incarcerated. See 28 U.S.C. § 84(b). Although he was convicted of sex crimes in this District, his Petition has nothing to do with those convictions or their resulting sentence.

5